# Exhibit 14

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| ARIEL CURTIS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CORECIVIC, INC., CORECIVIC OF TENNESSEE, LLC, THE CITY OF ALAMO, GA, and CASANDRA BONEY,<br><br>　　　　　Defendants. | Civil Action No.<br><br>3:21-cv-15-DHB-BKE |

## DEFENDANT CORECIVIC OF TENNESSEE, LLC'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant CoreCivic of Tennessee, LLC ("Defendant" or "CoreCivic"), by and through its undersigned counsel, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure hereby serves its objections and responses to Plaintiff Ariel Curtis' First Interrogatories to Defendant CoreCivic of Tennessee, LLC.

## Interrogatory No. 1

Please identify, including name, address, and employment position, each and every individual who has provided to you information which served, either in whole or in part, as the basis for your answer(s) to Plaintiff's Interrogatories and Requests for Production, including identifying each and every custodian of documents requested herein or which are submitted pursuant to Rule 33(d) or are intended to be

incorporated within or relied upon as your response, in whole or in part, to an Interrogatory.

**Response:**

1.    Casandra Boney, Shift Supervisor, Wheeler Correctional Facility

2.    Correctional Counselor Sharon Creamer, Wheeler Correctional Facility

3.    Vance Laughlin, Managing Director of Operations, Region 6, CoreCivic

4.    Donovan Hamilton, Assistant Warden, Wheeler Correctional Facility

5.    Frank Perrin, Regional Investigator, Core Civic

6.    Karen Shephard, Assistant Chief of Security, Wheeler Correctional Facility

**<u>Interrogatory No. 2</u>**

Please identify, including name, address, and employment position, each and every individual who played a decision-making, consultative, or advisory role in the search(es) of Plaintiff on October 4, 2020, stating with particularity each such individual's role in the October 4 search(es).

**Response:**

1.    Donovan Hamilton.

Ms. Boney updated Mr. Hamilton on Plaintiff's activation of the metal detectors inside the facility, and again after Ms. Boney had accompanied Plaintiff to

her vehicle.

    2.     Casandra Boney.

Ms. Boney was updated by Ms. Creamer as to Plaintiff's failure to clear screening equipment inside the facility. Ms. Boney also updated Mr. Hamilton regarding Plaintiff's activation of metal detectors inside the facility, and again after she had accompanied Plaintiff to her vehicle.

    3.     Sharon Creamer.

Ms. Creamer updated Ms. Boney as to Plaintiff's failure to clear screening equipment inside the facility.

## **Interrogatory No. 3**

Please identify each and every person known to Defendant whom Defendant believes may have discoverable information with respect to any of the Plaintiffs' claims and/or any of the defenses raised by the Defendant. For each such individual identified describe what discoverable information Defendant knows or believes each such individual possesses and that person's contact information (telephone number, address, and email). To the extent that any document or other recorded information supports or relates to said individual or said individual's particular knowledge, please identify said document/recorded information.

**Response:**

Defendant objects to Interrogatory No. 3 to the extent that it seeks production of information protected from disclosure by the work product and/or attorney client Privilege. *See*, Privilege Log. Also, to the extent Interrogatory No. 3 asks Defendant to identify any individual with knowledge about any allegation within Plaintiff's eighteen-page Second Amended Complaint, Defendant objects on the grounds that the Request is overbroad and unduly burdensome. Without waiving these objections, and in accord with Rule 33(d) of the Federal Rules of Civil Procedure, responsive, non-privileged witness statements are produced as CORECIVIC_0000095; 156-61, and a video was previously produced as "CORECIVIC_000001." In further response, Defendant states as follows:

    1.    Donovan Hamilton.

Mr. Hamilton initially conferred with Ms. Boney about Plaintiff's failure to clear screening equipment inside the facility. After Ms. Boney had thereafter accompanied Plaintiff to her vehicle, Mr. Hamilton again spoke with Ms. Boney, and authorized her to contact local law enforcement.

    2.    Casandra Boney.

Ms. Boney was notified by Ms. Creamer of Plaintiff's failure to clear a walk-through metal detector inside the facility. Ms. Boney then conducted a pat search

and hand-held wand search of Plaintiff, the latter of which activated when passed over Plaintiff's pelvic area. Plaintiff also told Ms. Boney that she had diamonds on her panties and that the studs for the diamonds were the probable cause for activating metal detectors. Ms. Boney then asked Plaintiff to show her the claimed diamonds in the bathroom, but Plaintiff refused, and instead said she would show her the diamonds in the parking lot. Ms. Boney updated Mr. Hamilton. Ms. Boney then accompanied Plaintiff to the parking lot, along with Ms. Creamer. In the parking lot, Plaintiff, unprompted, unbuttoned, but did not remove, her pants, exposing an absorbent pad and no panties. Ms. Boney instructed Plaintiff to re-button her pants. Ms. Boney attempted to begin a search of Plaintiff's vehicle but stopped when roaches crawled from the seat. Ms. Boney updated Mr. Hamilton, and then called the City of Alamo police department. Once an officer arrived, Ms. Boney asked the officer to conduct a search. Ms. Boney remained near Plaintiff's vehicle, and heard Plaintiff tell the local police officer that she would "strip" for the officer, but the officer said that Plaintiff should only do what the officer told Plaintiff to do. Ms. Boney never strip-searched Plaintiff nor subjected her to a cavity search. Ms. Boney also does not believe that the City of Alamo police officer conducted a strip or cavity search of Plaintiff.

3.    Sharon Creamer.

Ms. Creamer was present when Plaintiff failed to clear screening equipment inside the facility. Plaintiff claimed that a button on her pants set off the metal detector. Plaintiff also told Ms. Creamer that she (Plaintiff) had diamonds on her panties, and that she (Plaintiff) thought that must have set the metal detector off. Ms. Creamer heard Ms. Boney ask Plaintiff to show her the alleged diamonds in the bathroom, but Plaintiff refused, and instead said she would show the diamonds in the parking lot. Ms. Boney then asked Ms. Creamer to accompany her to the parking lot. Once in the parking lot, Plaintiff unbuttoned her pants, but did not pull them down or off. Ms. Creamer saw a large pad, and no panties. Ms. Creamer heard Ms. Boney instruct Plaintiff to adjust her pants back up. Ms. Creamer never heard Ms. Boney tell Plaintiff to pull her pants down. When a City of Alamo police officer arrived, Ms. Creamer saw the officer conduct a pat search of Plaintiff. Ms. Creamer saw Plaintiff throw her legs up in the air and pull her pants down and tell the officer that she could search Plaintiff's vagina for contraband. Ms. Creamer heard the officer immediately tell Plaintiff to pull her pants up. Ms. Creamer never saw Plaintiff strip searched or subject to a cavity search and does not believe that Ms. Boney or the City of Alamo police officer ever did either type of search on Plaintiff.

4.    Vance Laughlin.

Mr. Laughlin was updated about the events of October 4, 2020, and then requested that the General Counsel Office of Investigations conduct an investigation.

5.    Janie Johnson.

Ms. Johnson heard Plaintiff claim inside the facility that she had diamonds on her panties, and that they must be setting off the metal detector. Ms. Johnson was also present in the facility parking lot when a police officer from the City of Alamo arrived. Once the officer arrived, Plaintiff became aggressive and told the officer she could 'check her insides.' The officer, however, conducted only a pat down search, and told Plaintiff not to remove her pants. Ms. Johnson never heard anyone tell Plaintiff to show her panties or to remove clothing of any kind. Ms. Johnson never saw Plaintiff strip searched or subject to a cavity search and does not believe that Ms. Boney ever did either type of search on Plaintiff.

6.    Officer Kay Zanders.

Ms. Zanders has knowledge of her interactions with Plaintiff on October 4, 2020.

7.    Karen Shepherd.

Ms. Shepherd received communications from Plaintiff, and statements from Ms. Boney, Ms. Creamer, and Ms. Johnson, all of which are produced in accord with

Rule 33(d) of the Federal Rules of Civil Procedure as CORECIVIC_0000095; 156-58.

**Interrogatory No. 4**

To the extent you contend Plaintiff has failed to mitigate her damages, please identify and describe each and every additional effort you contend Plaintiff was obligated to expend in order to mitigate damages and state the amount by which such additional efforts by Plaintiff would have allegedly mitigated her damages.

**Response:**

Defendant does not yet have any responsive information.

**Interrogatory No. 5**

Please identify the names, addresses, and last known contact information of all employees of the Wheeler Correctional Facility who have been subjected to a search since January 1, 2020, specifically identifying the date for each search, the reason for each search, the manner of each search, the individual(s) present for each search, the location of each search, and the result of each search.

**Response:**

Defendant objects to Interrogatory No. 5 on the grounds that it is overbroad and seeks irrelevant information not proportional to the needs of this case. The names, addresses, and contact information of employees who have undergone any

sort of search in the past thirty-two months, along with information as to who was present for each search and their location, has no tendency to make any fact or issue of consequence in the case any more or less likely true.

Without waiving this objection, Defendant states that during the tenure of Vance Laughlin as Warden from December 5, 2015, to June 20, 2021, and Donovan Hamilton as Assistant Warden from September 7, 2015, through current, employees have at times activated a metal detector upon initially passing through. When the activating material was not immediately apparent and removed by the employees, such that they were able to pass through the metal detector without activating it, those employees were subject to a pat-down search and/or search by hand-held wand. Employees who could not provide a credible explanation for the metal detector activation and/or ultimately clear the metal detector were denied entry to the facility; none of those employees were subject to a cavity or strip search.

**<u>Interrogatory No. 6</u>**

Please identify each and every instance in which the metal detector through which Plaintiff walked on October 4, 2020 indicated the presence of metal, identifying the response taken to each and every such indication and the result of each such indication (whether metal was detected on a person).

**Response:**

Defendant objects to Interrogatory No. 6 on the grounds that it is overbroad and seeks irrelevant information not proportional to the needs of this case. The mere detection of metal by the metal detector through which Plaintiff passed and the identification of each such instance in particular has no tendency to make any fact or issue of consequence in this case any more or less likely true. Further, to the extent the interrogatory is not limited by time, Defendant objects on the grounds that the interrogatory is overbroad and unduly burdensome.

Without waiving these objections, Defendants states that it does not maintain a record of every instance in which the metal detector through which Plaintiff passed was activated. However, it was not entirely uncommon during Mr. Laughlin's and Mr. Hamilton's tenure at the Wheeler facility for employees to activate the metal detector upon initially passing through it. When the activating material was not immediately apparent and removed by the employees, such that the employees were able to pass through the metal detector without activating it, those employees were subject to a pat-down search and/or search by hand-held wand. Employees who could not provide a credible explanation for the metal detector activation and/or ultimately clear the metal detector were denied entry to the facility; none of these employees were subject to a cavity or strip search.

**Interrogatory No. 7**

Please identify complaints lodged against, disciplinary actions taken, and reprimands given, written or oral, against Casandra Boney during her employment with Defendant, identifying the dates of any such incident, the individual or individuals who conveyed that information to Ms. Boney, how that information was conveyed to Ms. Boney, and the substance of that complaint, disciplinary action, or reprimand.

**Response:**

To the extent Interrogatory No. 7 seeks information concerning complaints against Ms. Boney other than that she allegedly conducted cavity or strip searches, and to the extent the Interrogatory No. 7 seeks "oral" complaints, Defendant objects on the grounds that the Interrogatory is overbroad and seeks irrelevant information disproportionate to the needs of the case. Without waiving these objections, Defendant has no record of any written complaints or grievance made against Ms. Boney. Additionally, in accord with Federal Rule of Civil Procedure 33(d), Defendant references records from Ms. Boney's disciplinary file that will be produced after the entry of a protective order.

**Interrogatory No. 8**

Please identify any training that has been provided to Defendant Boney regarding

Defendant's search procedure for visitors and employees attempting to enter the Wheeler Correctional Facility throughout Boney's employment with Defendant, including the dates of the training, the person or people responsible for training the employees, the attendees of any such training, on what date(s) the training occurred, and a general description of the subject matter and training process.

**Response:**

To the extent the Interrogatory No. 8 seeks information about attendees at search procedure training other Ms. Boney, Defendant objects on the grounds that the Interrogatory seeks irrelevant information not proportionate to the needs of this case. Without waiving this objection, and in accord with Federal Rule of Civil Procedure 33(d), Defendant references documents reflecting relevant trainings provided to Ms. Boney that will be produced after the entry of a protective order.

**<u>Interrogatory No. 9</u>**

If you contend in defense of this action that Plaintiff misrepresented, distorted, exaggerated, falsified or been [sic] untruthful in communicating any statement to anyone concerning Plaintiff's employment with Defendant, either prior to, during, or following Plaintiff's employment relationship with Defendant, please describe in full detail the alleged misrepresentation, distortion, exaggeration, falsification or untruth, including a description of the subject matter the date(s) of communication

by Plaintiff; the identities of all persons who have personal knowledge of any such alleged misrepresentation, distortion, exaggeration, falsification or untruth by Plaintiff; and the location and custodian of any and all documents which evidence any such alleged misrepresentation, distortion, exaggeration, falsification or untruth by Plaintiff.

**Response:**

Plaintiff has "misrepresented, distorted,exaggerated, falsified [and] been untruthful" in asserting that: Ms. Boney and Officer Zanders conducted cavity and/or strip searches of her and ordered Plaintiff to take her pants down; Plaintiff was ordered to go to the parking lot, and; Plaintiff was wearing panties that had diamonds on them which were activating screening devices. Ms. Boney, Ms. Creamer, Ms. Johnson, and Officer Zanders have personal knowledge of Plaintiff's misrepresentations. Also, in accordance with Federal Rule of Civil Procedure 33(d), see documents produced as CORECIVIC_0000095; 156-61.

**Interrogatory No. 10**

Please identify and describe each and every policy and procedure utilized by Defendant to search individuals attempting to enter the Wheeler Correctional Facility who are indicated by the metal detectors to have metal on their person.

**Response:**

Defendant objects to Interrogatory No. 10 on the grounds that it does not have any time limitations, and is therefore overly broad and unduly burdensome. Defendant further objects to the extent Interrogatory No. 10 seeks policies regarding the search of non-employees. Without waiving these objections, and in accord with Federal Rule of Civil Procedure 33(d), Defendant references policies governing the search of employees at the Wheeler Correctional Facility that were in effect in 2020 that will be produced after the entry of a protective order.

**<ins>Interrogatory No. 11</ins>**

Describe, in detail, the search(es) of Plaintiff on October 4, 2020, including, but not limited to, Plaintiff's arrival at the Wheeler Correctional Facility, what happened after Plaintiff entered the Wheeler Correctional Facility, who at the Wheeler Correctional Facility determined that Plaintiff would be subjected to a search, the time of each search, who requested each search, the reason for each search, who performed each search, each person contacted related to each search, who authorized each search, who was present during each search, the manner of each search, the results of each search, any witnesses to each search, who had knowledge of each search, and what records were made of each search.

**Response:**

In accord with Federal Rule of Civil Procedure 33(d), see video previously produced as "CORECIVIC_000001," and non-privileged statements produced as CORECIVIC_0000095; 156-61. In further response, Defendant states that Plaintiff was required to pass through a metal detector and, because she repeatedly failed to clear it without credible explanation, she was first pat-searched by Ms. Creamer, and then by Ms. Boney, who also searched her via a hand-held wand. The electronic searches indicated the presence of activating material, but neither they nor the pat-down searches could identify what that material was. Mr. Hamilton was updated the day the alleged searches occurred, and Mr. Laughlin was made aware of them the next day, and he then requested that an investigation be conducted by the CoreCivic General Counsel Office of Investigations ("GCOI"). An investigation report was prepared by the GCOI, but is protected from disclosure by the work product and attorney client privileges. *See*, Privilege Log. However, all non-privileged statements are produced as CORECIVIC_0000095; 156-61.

**<u>Interrogatory No. 12</u>**

Please describe each and every interaction between any of Defendant's employees and the Alamo Police Department which occurred at the Wheeler Correctional Facility on October 4, 2020, identifying who contacted the Alamo Police

Department, when the Alamo Police Department was contacted, the manner in which the Alamo Police Department was contacted and, if by telephone, the telephone number used to contact the Alamo Police Department, why the Alamo Police Department was contacted, and what each employee of Defendant said to the Alamo Police Department on October 4, 2020.

**Response:**

Given Plaintiff's repeated failure to clear the metal detector and her suspicious behavior, Mr. Hamilton directed Ms. Boney to contact the Alamo police department. Ms. Boney then called the Alamo police department from a cell phone (number 912-423-9851), spoke with an operator, indicated that her call was not an emergency, and asked that an officer be sent to the Wheeler correctional facility. When the officer arrived, Ms. Boney told the officer that Plaintiff had not been able to clear the facility's metal detector and that Plaintiff claimed she was unable to do so because she had diamonds on her underwear. Ms. Boney asked the officer to conduct a search.

**<u>Interrogatory No. 13</u>**

Describe each and every step taken by Defendant to comply with Plaintiff's November 5, 2020 Litigation Hold Notice.

**Response:**

Defendant objects to Interrogatory No. 13 because it seeks information protected from disclosure by the work product and/or attorney client privileges. *See* Privilege Log. Defendant further objects on the grounds that the Interrogatory seeks irrelevant information not proportionate to the needs of this case. There is no allegation or indication of the destruction or loss of any evidence relating to any of the allegations in Plaintiff's Second Amended Complaint.

**Interrogatory No. 14**

Describe each and every communication by you or your representative with current or former employees concerning or relating to the allegations in Plaintiff's Complaint and/or defendants' defenses thereto, including, but not limited to: the participants of each such conversation, the subject matter of each such conversation, what each participant said during each such conversation, the date(s)of each such conversation, and whether any notes were taken of that/those conversation(s). If Defendant contends any such communications are privileged, Defendant is required to produce a privilege log of any such communication.

**Response:**

To the extent that Interrogatory No. 14 seeks information pertaining to conversations by counsel for Defendant, Defendant objects on the grounds that the

Interrogatory seeks information protected from disclosure by the work product and/or attorney client privileges. Defendant further objects to the extent Interrogatory No. 14 seeks documents protected from disclosure by the work product and/or attorney client privileges. *See* Privilege Log. Further, to the extent the Interrogatory seeks communications by "you," but fails to identify any particular individual among the thousands of individuals Defendant employs, Defendant objects on the grounds that the Interrogatory is overbroad and so vague and confusing as to preclude a meaningful and substantive response.

## **Interrogatory No. 15**

Describe the corporate relationship between CoreCivic, Inc. and CoreCivic TN.

**Response:**

CoreCivic, Inc. is the parent corporation of CoreCivic of Tennessee, LLC.

## **Interrogatory No. 16**

Each and every reason upon which Defendant relied in authorizing the search(es) of Plaintiff on October 4, 2020.

**Response:**

In accord with Federal Rule of Civil Procedure 33(d), Defendant references documents that will be produced after the entry of a protective order. Further, because Plaintiff could not clear the metal detector, Ms. Creamer, and

then Ms. Boney, conducted pat-down searches of Plaintiff, and Ms. Boney conducted a search with a hand-held wand.

Respectfully submitted this 9th day of December, 2021.

*/s/ Rachel P. Kaercher*
Kurt Peterson (Admitted *pro hac vice*)
Georgia Bar No. 574408
kpeterson@littler.com
Rachel P. Kaercher
Georgia Bar No. 743007
rkaercher@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Rd. NE,
Ste. 1200
Atlanta, GA 30326-1127

Attorneys for Defendants
CoreCivic, Inc., CoreCivic of Tennessee,
LLC, and Casandra Boney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of December, 2021, **DEFENDANT CORECIVIC OF TENNESSEE, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** were served upon Plaintiff's counsel via electronic means as follows:

> Tyler B. Kaspers
> The Kaspers Firm, LLC
> 152 New Street, Suite 109B
> Macon, GA 31201
> tyler@kaspersfirm.com

/s/ Rachel P. Kaercher
Rachel P. Kaercher
Georgia Bar No. 743007

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| ARIEL CURTIS,<br><br>    Plaintiff,<br><br>v.<br><br>CORECIVIC, INC., CORECIVIC OF<br>TENNESSEE, LLC, THE CITY OF<br>ALAMO, GA, and CASANDRA<br>BONEY,<br><br>    Defendants. | Civil Action No. 3:21-cv-00015-<br>DHB-BKE |

## VERIFICATION OF DONOVAN HAMILTON

I, Donovan Hamilton, hereby state as follows:

1.   I am currently an Assistant Warden at the Wheeler Correctional Facility, which is affiliated with Defendants CoreCivic, Inc. and CoreCivic of Tennessee, LLC.

2.   I assisted in the preparation of Defendant CoreCivic of Tennessee, LLC's Responses to Plaintiff's First Interrogatories to Defendant CoreCivic of Tennessee, LLC ("Defendant's Responses") and I am duly authorized to do so. Defendant's Responses are limited by the records and information still in existence, presently recollected, and thus far discovered. Accordingly, Defendant reserves the right to make any changes to its Responses if it appears

at any time that omissions or errors have been made, or more accurate information becomes available.

3. Not all information in Defendant's Responses is within my personal knowledge. The facts stated in the Responses have been assembled with my assistance and the facts stated in the Responses are true to the best information available at such time the Responses were prepared.

4. I declare under penalty of perjury that the foregoing is true and correct and based on my personal knowledge and knowledge obtained by me in the course of my work as an Assistant Warden at the Wheeler Correctional Facility.

Executed on December 9, 2021.

Donovan Hamilton